The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LINDA J. REYNOLDS, | NO. C07-1152RSL |
| Plaintiff, | PROTECTIVE ORDER |
| v. | |
| BERLEX LABORATORIES, LLC, d/b/a BERLEX LABORATORIES (WASHINGTON) LLC, *et al.*; | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on defendants' "Motion for Entry of the Subjoined Protective Order." Dkt. # 16. The parties agree on all aspects of the proposed protective order except the provision related to the sealing of documents when filed with the Court. After reviewing the papers submitted by the parties, the Court enters the following protective order:

## II. PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT: Documents or information which (a) are produced by either the Plaintiff or the Defendants and (b) contain Confidential Information or Confidential Material as defined herein and (c) the producing party designates as Confidential in the manner set forth herein, shall be used only for the purposes of this proceeding and shall

PROTECTIVE ORDER - 1

be produced, handled, maintained, preserved, or otherwise dealt with pursuant to the following provisions:

1. In connection with discovery or other pre-trial proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom containing "Confidential Information" as "CONFIDENTIAL" under the terms of this Protective Order. For purposes of this Order, Confidential Information shall be defined as (a) employment, personnel, and private information about plaintiff or third parties that are not available from any other source and that a reasonable person would not want made public; (b) private or sensitive health or medical information which would be subject to federal or state medical privacy laws; and (c) confidential or proprietary business information regarding methods of performing manufacturing tasks that are not available from third-party sources. For purposes of this Order, Confidential Material shall include any tangible thing which contains or is derived in whole or in part from Confidential Information.

2. Documents which are marked "CONFIDENTIAL" under this Order shall be so designated by stamping copies of the document with the term "CONFIDENTIAL" and may contain such other and further identifier as may reasonably be included to specify such confidentiality. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "CONFIDENTIAL" legend for purposes of substitution of the original documentation, and all parties shall use their best efforts to ensure that no prior disclosure shall be used or redisclosed contrary to the terms of this Order. Every medical record subject to federal or state medical privacy laws will be deemed confidential information whether or not it is marked "CONFIDENTIAL."

3. Deposition, hearing or other testimony may also be designated Confidential by making a statement to that effect on the record at the deposition or other proceeding, or within

thirty (30) days of the designated party's receipt of the transcript or testimony.  If designated at the deposition or other proceeding, arrangements shall be made with the court reporter taking and transcribing such proceedings to bind separately such portions of the transcript containing information designated as Confidential and to label such portions appropriately.

      4.      Information provided in responses to Interrogatories may be designated as Confidential material by the responding party so identifying the same in the response.

      5.      Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only for purposes of this case.  Confidential Information and Confidential Material shall be used only for the purpose of the prosecution, defense or settlement of this action and for no other purpose.

      6.      Confidential Information or Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), and to "Qualified Persons."  A Qualified Person is a person who falls into one of the categories set forth in subparagraph (a) below, and has met the requirements of subparagraph (b), below:

    (a)    (1)    a party, or an officer, director, employee or agent of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

           (2)    experts or consultants (together with their clerical staff) retained by such counsel, to assist in the prosecution, defense or settlement of this action;

           (3)    court reporter(s) employed in this action;

           (4)    a witness at any deposition or other proceeding in this action who has or is reasonably likely to have information relating to such Confidential Material; and

           (5)    any other person as to whom all parties agree in writing.

    (b)    Prior to receiving any Confidential Material, each Qualified Person shall be provided a copy of this Order and shall execute a Nondisclosure Agreement in the form set

forth in Attachment A hereto, a copy of which shall be retained by counsel for the parties.

7. Upon the request of any party, any non-qualified persons shall be excluded from any deposition during the period in which Confidential Information or Material is discussed.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information or Material as it deems appropriate.

9. Confidential Information or Documents shall be filed under seal with the Court in compliance with the district's electronic filing procedures. The filing party must refer back to a contemporaneously-filed motion requesting (a) that the document remain under seal pursuant to Local Civil Rule 5(g) or (b) that the CONFIDENTIAL designation be removed from the document and the seal be lifted.

10. In the event that any Confidential Information or Material is used in any proceeding in this action and remains non-public, it shall not lose its confidential status through such use.

11. This Order shall be without prejudice to the right of any party (i) to challenge the designation of any particular Confidential Information or Material as Confidential, provided such party has first made a good faith attempt to resolve such question with the designating party; or (ii) to seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. In the event of a challenge under subsection (i) of this paragraph, the burden of establishing that any information or material designated as Confidential meets the definitions set forth in paragraph 1 above shall be on the party seeking to uphold the designation.

12. Notwithstanding the provisions of this Order, nothing herein shall be deemed a waiver of the parties' right to raise legitimate objections to discovery requests, including but

not limited to objections on the grounds that disclosure of certain documents or information is prohibited by any statute, regulation or rule.

13.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and the Court without involving the Court unnecessarily in the process.  Nothing in this Order nor the reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14.   This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material does not become known to the public, and the Court shall retain jurisdiction over the parties, as well as any Qualified Person who has signed Exhibit A, to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this action, counsel for the parties shall assemble and return to each other all Confidential Material, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof.  However, if counsel's malpractice carrier requires retention of confidential material for a set period of time counsel may retain copies of Confidential Material for that period and for that purpose only, and shall thereafter return or destroy the information.

15.   The Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

Dated this 16th day of June, 2008.

_____
Robert S. Lasnik
United States District Judge

PROTECTIVE ORDER - 5

# **APPENDIX A — THIRD PARTY CONFIDENTIALITY AGREEMENT FOR CONFIDENTIAL INFORMATION**

1.   I have read and understand the attached Stipulated General Protective Order ("Protective Order") that has been entered in *Reynolds v. Berlex Laboratories et al.*, Case No. C07-1152 RSL in the United States District Court for the Western District of Washington at Seattle.

2.   I understand that I may be given access to material and information designated as Confidential, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3.   I understand that I am to retain all originals and copies of the Confidential Material in a secure manner and that all copies will be returned within thirty (30) days after termination of this action.

4.   I will not disclose or discuss Confidential Information or Material with any persons other than the parties to the litigation, counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed this Third Party Confidentiality Agreement For Confidential Information.

5.   I understand that all Confidential Information and Material shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose.  I understand that any use of Confidential Information or Material in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court. I submit myself to the jurisdiction of the Court for enforcement of the Protective Order.

Signature;_____
Name:_____
Business Address:_____
Position:_____
Date:_____

PROTECTIVE ORDER - 6